IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-po-07004-MEH

UNITED STATES OF AMERICA,

     Plaintiff,

v.

WILLIAM MONSON,

     Defendant.

_____

**VERDICT**
_____

**Michael E. Hegarty, United States Magistrate Judge**.

     This matter came before the Court for a bench trial on November 5, 2014.  Defendant was charged through a Violation Notice with one count of Unauthorized Possession of One Ounce or Less of Marijuana under 41 C.F.R. § 102-74.400(a), which prohibits possession of marijuana on federal property.  Plaintiff presented two witnesses, Protective Security Officer Morales and Federal Protective Services (FPS) Officer Kaminski, along with photographs of the subject location (an Internal Revenue Service (IRS) office in Denver, Colorado) and the contraband (as relevant here, marijuana) obtained from the Defendant.  The Defendant through counsel cross-examined Plaintiff's witnesses.  The following constitutes this Court's findings of fact and conclusion of law.

**I.**     **Findings of Fact**

    1.     The alleged violation occurred on April 14, 2014, on federal property.

    2.     On that date, Defendant was attempting to gain access to a local IRS office in Denver, Colorado.

3.      In attempting to gain such access, Defendant proceeded through a magnetometer, which sounded an alarm and alerted Officer Morales to the presence of something on Defendant's person.

4.      Officer Morales used a portable wand to scan Defendant's person for the item(s) that set off the magnetometer.

5.      During the scan of Defendant's person, Officer Morales identified an object in Defendant's front pants pocket and requested that Defendant remove the object.

6.      The object in Defendant's front pants pocket was an unmarked prescription bottle containing marijuana.

7.      After FPS officers arrived at the IRS office, their search of Defendant's person (specifically, his jacket) revealed two marijuana smoking devices.

8.      During FPS Officer Kaminski's transport of Defendant to the Denver jail, Defendant stated to Officer Kaminski that he had a valid medical marijuana card (medical marijuana having been legal in the State of Colorado for several years prior to the incident) but did not have it with him at that time.

## II.     Conclusions of Law

1.      "[A] defendant is innocent unless and until the government proves beyond a reasonable doubt each element of the offense charged ..., including the mental element or *mens rea*." *Clark v. Arizona*, 548 U.S. 735, 766 (2006).

2.      Although silent on the issue, I will read a "knowing" requirement into the regulation at issue here, *i.e.*, the regulation prohibits the knowing possession of marijuana on federal property. *See United States v. Baldwin*, 745 F.3d 1027, 1032-33 (10th Cir. 2014).  Thus, the government must

prove that Defendant knowingly possessed marijuana on federal property.

### III.   Verdict

The government has proven beyond a reasonable doubt that Defendant violated the law by his knowing possession of marijuana on federal property.

First, Defendant had to proceed through a magnetometer prior to entry into the IRS facility, which necessarily required that he apprise himself of items on his person. I can make a reasonable inference that Defendant knew what was in his pocket at that time, which was prior to the search conducted by Officer Morales.

Second, Defendant made the statement to FPS Officer Kaminski that he had a medical marijuana card. Again, I can make a reasonable inference that although Defendant may not have known that possession of marijuana was still illegal on federal property within the State of Colorado (where persons may now lawfully possess marijuana under state law), he knew that he possessed marijuana. The court in *United States v. Baker*, 508 F.3d 1321, 1325 (10th Cir. 2007), a case dealing with ammunition, stated the following concerning the element of knowing possession:

> In criminal law, "knowing" possession simply requires proof of knowledge of the facts that constitute the possession, whereas a requirement of willfulness generally requires that the defendant act with a "bad purpose." *Bryan v. United States*, 524 U.S. 184, 191, 193, 118 S. Ct. 1939, 141 L.Ed.2d 197 (1998); *United States v. Gilbert*, 430 F.3d 215, 218-19 (4th Cir. 2005). In other words, by prohibiting knowing possession, the statute does not invite inquiry into the reason the defendant possessed the ammunition, as long as the defendant knew it was ammunition he possessed. *See* [*United States v.*] *Adkins*, 196 F.3d [1112] at 1115 [(10th Cir. 1999)] (stating that § 922(g) imposes criminal liability on a felon in possession of a firearm "unless that felon truly did not know that what he possessed was a firearm").

*See also United States v. Bailey*, 510 F.3d 562, 567 (6th Cir. 2007), *vacated in part on rehearing on other grounds*, 553 F.3d 940 (6th Cir. 2009) (police officer found crack cocaine in defendant's pants pockets; court held that such evidence satisfies the two elements of knowing possession of a

3

controlled substance); *United States v. Gillings*, 156 F.3d 857, 860 (8th Cir. 1998) ("Proof of constructive possession is sufficient to satisfy the element of knowing possession. Constructive possession of drugs can be established if a person has 'ownership, dominion or control over the contraband itself, or dominion over the premises in which the contraband is concealed.' Here, the evidence showed that defendant had actual possession of the cocaine base. The cocaine base was found in his pants pocket.") (citations omitted).

Third, also in Defendant's possession at the time of the search was drug paraphernalia, specifically, two items of not-insignificant size (made of metal) whose purpose is to assist the inhalation of marijuana smoke. This is also circumstantial evidence that supports Defendant's knowing possession of marijuana.

Finally, although sitting in Colorado, where marijuana may be lawfully possessed under state law, I have no choice but to apply federal law, under which possession of marijuana is still illegal.

Therefore, I find the Defendant **guilty** of one count of possession of marijuana on federal property under 41 C.F.R. § 102-74.400(a).

Dated at Denver, Colorado this 5th day of November, 2014.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge